10-509-ag
Yang v. Holder

BIA
Mulligan, IJ
A097 814 806

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand eleven.

PRESENT:
JOSÉ A. CABRANES,
ROBERT D. SACK,
DEBRA ANN LIVINGSTON,
    *Circuit Judges.*

_____

DONG CAI YANG,
    *Petitioner,*

v.                                         10-509-ag
                                           NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:      Dong Cai Yang, *pro se*, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dong Cai Yang, a native and citizen of China, seeks review of a January 14, 2010, decision of the BIA affirming the April 3, 2008, decision of Immigration Judge ("IJ") Thomas J. Mulligan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong Cai Yang*, No. A097 814 806 (B.I.A. Jan. 14, 2010), *aff'g* No. A097 814 806 (Immig. Ct. N.Y. City Apr. 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because the BIA did not affirm the IJ's adverse credibility determination, we assume Yang's credibility for the purposes of review. *See Diallo v. INS*, 232 F.3d 279,

2

288 (2d Cir. 2000). Even assuming credibility, substantial evidence supports the agency's conclusion that Yang failed to demonstrate his eligibility for asylum, withholding of removal, or CAT relief based on his alleged illegal departure from China.

Yang testified that he left China with a passport which was inspected when he left the country, and that he did not know whether he had used a valid exit visa. He now contends that the agency erred in finding that his departure from China was not illegal, because snakeheads bribed officials to let him out. Given his admission that he used his passport to leave the country, this argument does not compel the conclusion that his departure was not illegal. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where the evidence would support either of competing inferences, the fact that this Court might have drawn one inference does not entitle it to overturn the trial court's choice of the other.").

Moreover, the agency did not err in finding that he did not meet his burden of establishing a well-founded fear of future persecution or a likelihood of persecution or torture. In support of his application, Yang presented country conditions evidence which he argues established that

3

he would be subjected to persecution. However, the agency considered this evidence and reasonably concluded that this evidence indicated that most returnees would be, at most, subjected to a brief detention. Because Yang did not submit any particularized evidence showing that he would be persecuted or tortured, the record does not compel the conclusion that Yang met his burden of proof. *See Huang v. INS*, 421 F.3d 125, 128 (2d Cir. 2005) (an applicant for asylum must demonstrate that a "reasonable person in the petitioner's circumstances would fear persecution if returned to his native country"); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 157-60 (2d Cir. 2005) (holding that a petitioner is not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China," and that beyond generalized country conditions reports stating that some Chinese prisoners have been tortured, an applicant for CAT relief must submit particularized evidence suggesting that he is likely to be subject to torture in Chinese prisons). Accordingly, the agency reasonably denied Yang's application for asylum, withholding of removal, and CAT relief. *Id.; see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 178, 185 (2d Cir. 2004) (explaining that to establish eligibility for

4

asylum an applicant must demonstrate a well-founded fear of future persecution and to establish eligibility for withholding of removal or CAT relief the applicant must meet a higher standard of proof and demonstrate a likelihood of persecution or torture).

Finally, we decline to consider Yang's unexhausted argument that the IJ erred in failing to address his claim for asylum based on China's family planning policy. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk